**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Robert Santana, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | The Honorable |
| International Brotherhood of Teamsters, | ) | |
| James Hoffa, Teamsters Joint Council 25, | ) | |
| Terry Hancock, Teamsters Local 700, and | ) | Jury Demanded |
| Ramon Williams | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### Introduction

Plaintiff Robert Santana brings this action to restore the will of the members of his union, Local 700, who elected him their Secretary Treasurer. Mr. Santana was removed from office after he and the local union president, Ramon Williams, split on who to support for leadership of the Teamsters, with Mr. Williams supporting the slate backed by incumbent president, James Hoffa, and Mr. Santana backing the opposition slate lead by Sean O'Brien and Fred Zuckerman. Mr. Williams saw Mr. Santana's advocacy for a different vision for the Teamsters as a threat: in Local 700's election for convention delegates, Mr. Santana's slate swept to victory over Mr. Williams's. As a result of this threat, Mr. Williams looked for any excuse, here Mr. Santana's implementation of an agreed-upon strategy to beat a union decertification campaign, to kick him out of the union and prevent him from running in the next election. Mr. Santana is now suing to restore both his office and his membership in the Teamsters to ensure that officials like Mr. Williams cannot get away with subverting union democracy.

## Parties

1.  Robert Santana is a resident of the state of Illinois.

2.  The International Brotherhood of Teamsters (IBT) is a labor organization under the meaning of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 402, headquartered in Washington, D.C.

3.  James Hoffa is the President of the IBT.

4.  Teamsters Joint Council 25 is a labor organization under the meaning of the LMRDA, 29 U.S.C. § 402, headquartered in Illinois.

5.  Terry Hancock is the President of Teamsters Joint Council 25.

6.  Teamsters Local 700 is a labor organization under the meaning of the LMRDA, 29 U.S.C. § 402, headquartered in Illinois.

7.  Ramon Williams is the president of Teamsters Local 700.

## Jurisdiction and Venue

8.  Jurisdiction for Counts I and II is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 412, as this case arises under the LMRDA, 29 U.S.C. §§ 401 et seq.

9.  Jurisdiction for Counts III and IV is proper pursuant to 28 U.S.C. § 1367, as this court has supplemental jurisdiction over such related claims.

10. Venue is proper in this judicial district because the principle events giving rise to this cause of action took place in the Chicago area.

## Facts

11. Robert Santana was elected Secretary-Treasurer of Local 700 in 2019, taking office on January 1, 2020.

12. He had been a long-time Teamster, rising from a city truck driver with the Streets and Sanitation Department of the City of Chicago.

13. Soon after taking office, Mr. Santana came into conflict with Local 700 President, Ramon Williams, over Mr. Williams' practice of signing checks to himself to reimburse personal expenses without Santana's approval.

14. This action was not only a problem on its face, using union resources for Mr. Williams' personal reasons, but was also a usurpation of Mr. Santana's power as Secretary-Treasurer.

15. In one instance, Mr. Santana refused to sign a check for $4,500 for Mr. Williams' personal expenses, to hire a private investigator for personal reasons. Mr. Williams went to the executive board to vote through a resolution ordering Mr. Santana to sign the check, notwithstanding the lack of documentation for a legitimate union purpose.

16. In December 2020, Mr. Santana and Mr. Williams spoke about the upcoming IBT convention delegate elections. Mr. Williams, as local union president, formed a slate and told Mr. Santana that he would not be on Mr. Williams' slate. Mr. Santana formed his own slate to challenge the Williams slate.

17. On March 10, 2021, the results were announced: the Santana slate had defeated the Williams slate, and neither Mr. Williams nor his slatemates went to the convention.

18. This surely indicated to Mr. Williams, as well as his political allies on the Executive Board, that Mr. Santana had a good chance of unseating them at the next Local election, particularly because Mr. Santana was allied with insurgent O'Brien-Zuckerman slate for international leadership which looked likely to win the international union elections.

19. Mr. Williams, on the other hand, was aligned with the incumbent international president, James Hoffa, as well as the leadership of the local Teamsters Joint Council 25, including its president, Terry Hancock.

20. Shortly thereafter, on April 6, Mr. Williams and his allies on the Executive Board filed an internal union charge against Mr. Santana with the Joint Council, claiming that, by communicating to an employer that a particular employee had been appointed chief steward and that he needed credentials for himself and another person, Mindy Saban, to access the workplace for purposes of union representation, he had violated the IBT Constitution.

21. In reality, as stated in unrebutted testimony before a hearing convened by the Joint Council, these actions were approved of by Joint Council President Terry Hancock as part of a strategy to defeat a decertification election. Hancock approved the appointment of a new chief steward (one who, it should be noted, had previously been elected to the position by his coworkers but who Mr. Williams had unilaterally dismissed) and the general plan, devised by Tom Wilcox and Mr. Santana, to stop the decertification of the union. Mr. Williams raised no objections to the plan, including the appointment of a new chief steward or Santana taking a more active role in the union's business at this workplace, which would have involved him going to the workplace.

22. The plan, it should be noted, was successful. While the first round of the decertification vote, conducted in November 2020, resulted in plurality support for a different union, in the runoff after Mr. Santana and Mr. Wilcox's plan was implemented, in May 2021, Local 700 won nearly two to one.

23. Nevertheless, Mr. Santana was brought up on internal charges, ostensibly for carrying out this plan. The Joint Council convened a hearing to consider the charges.

24. On August 13, the Joint Council issued a "Ruling on Disciplinary Charges," finding that his communications carrying out a strategy decided upon with the Joint Council President Terry Hancock had violated the IBT Constitution.

25. The Joint Council removed Mr. Santana from office as Local 700 Secretary Treasurer, and suspended him from the Teamsters, both the Local and the International Union, for 5 years, preventing him from running for reelection.

26. On October 15, 2021, Mr. Santana filed an appeal to the General Executive Board of the IBT. No action has been taken on the appeal.

### Count I: LMRDA, 29 U.S.C. § 411(a)(1)

27. Plaintiff incorporates paragraphs 1 through 26 as if fully stated herein.

28. By removing Mr. Santana from office and suspending him from the IBT such that he cannot run again, Defendants have deprived members of their elected representative, whose vision for the union, it can be concluded from the victory of his slate as well as of his supported candidates for GEB among the Local 700 membership, they prefer to those of Defendants, in violation of 29 U.S.C. § 411(a)(1).

29. Furthermore, by removing Mr. Santana as an elected officer, in violation of 29 U.S.C. § 529, Defendants have also "otherwise disciplined" Mr. Santana for exercise of his rights under 29 U.S.C. § 411(a)(1).

30. In further violation of the above-mentioned rights, Defendants have unlawfully barred Mr. Santana of his right as a member to run for office in the next Local 700 election.

## Count II: LMRDA, 29 U.S.C. § 411(a)(2)

31. Plaintiffs incorporate paragraphs 1 through 30 as if fully stated herein.

32. By removing Mr. Santana from office and suspending him from the IBT such that he cannot run again, Defendants have punished him for his exercise of his rights under 29 U.S.C. § 411(a)(2), including but not limited to his right to free speech and assembly.

33. Furthermore, by removing Mr. Santana as an elected officer, in violation of 29 U.S.C. § 529, Defendants have also "otherwise disciplined" Mr. Santana for exercise of his rights under 29 U.S.C. § 411(a)(2).

34. In further violation of the above-mentioned rights, Defendants have unlawfully barred Mr. Santana of his right as a member to run for office in the next Local 700 election.

## Count III: Breach of Contract

35. Plaintiffs incorporate paragraphs 1 through 34 as if fully stated herein.

36. Disputes between a membership organization and its members is governed by the law of contracts, and an organization's bylaws establish legally enforceable contractual obligations. *Austin v. American Association of Neurological Surgeons*, 253 F.3d 967, 968 (7th Cir. 2001).

37. A member who can show that their organization's actions substantially impaired an important economic interest can bring a suit on the basis of a lack of due process and bad faith. *Id.*, at 969.

38. Defendants have violated the Constitution of the IBT, including but not limited to Article XXII, Section 3(d): "[d]uring the term of office of any officer of a Local Union…no

action under any circumstances may be taken to affect or modify the basic powers and duties of the incumbent officer, as established by the bylaws or past practice."

39. By removing him from his office of Secretary-Treasurer, Defendants have modified the basic powers he was elected to hold.

40. Defendants have therefore breached the "legally enforceable contractual obligations" they had to union member Mr. Santana.

## Count IV: Bad Faith

41. Plaintiffs incorporate paragraphs 1 through 40 as if fully stated herein.

42. Defendants have suspended Mr. Santana from both Local 700 and the IBT as political retribution for his support for the insurgent slate and removed him from his paying position as Secretary Treasurer.

43. His suspension precludes him from running again for said position at the next election.

44. This conduct constitutes a bad faith effort by Defendants to punish Mr. Santana for his political positions within the union.

WHEREFORE plaintiff asks that this Court:

a. Declare that by the acts set forth herein, Defendants have deprived plaintiff of his rights under the LMRDA and unlawfully disciplined Mr. Santana for exercise of such rights;

b. Grant injunctive relief to restore Mr. Santana's membership in the IBT and Local 700 and return him to office;

c. Enjoin Defendants from taking further adverse action to deprive Plaintiff of his rights under the LMRDA;

    d.   Grant Mr. Santana compensatory and punitive damages;

    e.   Grant plaintiff's legal fees and costs and such other relief as may be appropriate.


Respectfully submitted,

Dated: January 14, 2022                          By: /s/ Will Bloom
                                          One of Plaintiffs' Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Will Bloom
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511