IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Robert Santana,** | : |
| | : Case No. 1:22-cv-00237 |
| **Plaintiff,** | : |
| | : Honorable Jorge L. Alonso |
| **International Brotherhood of Teamsters,** | : |
| **James Hoffa, Teamsters Joint Council 25,** | : |
| **Terry Hancock, Teamsters Local 700, and** | : |
| **Ramon Williams,** | : |
| | : |
| **Defendants.** | : |

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this fifteenth day of June 2022 between Plaintiff Robert Santana ("Plaintiff") and Defendant International Brotherhood of Teamsters, Local 700 ("Local 700"). The signatories to this Agreement are hereinafter referred to jointly as the "Parties."

### PREAMBLE

**WHEREAS,** on January 14, 2022, Plaintiff, instituted an action against the Defendants International Brotherhood of Teamsters ("International"); James Hoffa, the former President of the International; Teamsters Joint Council 25 ("Joint Council"), Terry Hancock, the current President of the Joint Council; Local 700; and Ramon Williams, the current President of Local 700, which action has been docketed in the United States District Court for the Northern District of Illinois—Eastern Division as Civil Action No. 22-cv-00237 (the "Civil Action");

**WHEREAS,** in the Civil Action, the Plaintiff asserted, *inter alia,* that Defendants violated the International Constitution when internal union charges were filed against him and

those internal union charges resulted in his loss of membership in the International and removal from his elected position at Local 700;

**WHEREAS**, Plaintiff's membership in the International has been restored and he has been reinstated in his elected position;

**WHEREAS,** Plaintiff filed with the Court a voluntary dismissal of the International after his membership in the International was restored and he was reinstated to his elected position with Local 700;

**WHEREAS,** Local 700 denies and its officers deny that they have acted unlawfully with respect to the Plaintiff in any manner whatsoever;

**WHEREAS,** the Parties have a good faith dispute concerning Plaintiff's claims; and

**WHEREAS,** the Parties desire to avoid the necessity, expense, inconvenience, and uncertainty of litigation and to amicably, and finally, resolve and settle any and all claims and disputes between them arising from the internal union charges and the discipline imposed against Plaintiff;

**NOW, THEREFORE,** in consideration of the releases and mutual promises contained herein and other good and valuable consideration exchanged between the Parties, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

**1.0** <u>**Settlement**</u>

    1.1    On or about June 8, 2022, Local 700 placed in escrow funds sufficient to meet its obligations under this Agreement.

    1.2    Within seven (7) days from receipt of a fully executed Settlement Agreement and Release, Local 700 shall cause a payment in the amount of One Hundred and Three Thousand, Four Hundred and Sixty-One Dollars and Fourteen Cents ($103,461.14) made

payable to Plaintiff with all applicable local, state, and federal taxes, including Social Security and Medicare taxes, deducted from said amount.

    1.3    Local 700 will also make contributions to (1) the Central States Pension Fund in the amount of $10,478 and (2) the Retirement Savings Plan – a 401k retirement plan—in the amount of $7,833.33 as directed by Central States Pension Fund and the Retirement Savings Plan.

    1.4    Additionally, within seven (7) days after execution of this Agreement, Plaintiff shall provide Local 700 the documentation that was required to be submitted to the Health and Welfare Fund in September 2021 for Plaintiff to be considered for a college tuition reimbursement for one of his adult children who is attending an institution of higher learning. Upon receipt of Plaintiff's supporting documentation and a determination by Local 700 that he is eligible for a tuition reimbursement under the terms and conditions set forth in the Health and Welfare Fund's benefit plan, Local 700 shall provide said reimbursement in an amount not to exceed $10,000 within seven (7) days of the eligibility determination.

    1.5    Within three (3) business days from receipt of a fully executed Agreement, Plaintiff, through his counsel, shall file a Stipulation of Dismissal, with prejudice of all claims asserted against Local 700 and Ramon Williams, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), which shall also provide that each party is to bear their own attorneys' fees and costs.

**2.0**    <u>**Releases**</u>

    2.1    Effective upon full execution of this Agreement, Plaintiff releases Local 700 and all respective officers, directors, employees, agents, shareholders, attorneys or any person acting on Local 700's behalf, from any and all claims, demands, causes of action, debts, controversies, or liabilities of any kind whatsoever both known and unknown, matured or unmatured, liquidated

or unliquidated, asserted or unasserted, both in law and equity, which Plaintiff may have had against Local 700 and all respective officers, directors, employees, agents, shareholders, attorneys or any person acting on Local 700's behalf, at any time up to and including the date of execution of this Agreement, except that Plaintiff does not release the above from those claims covered by the currently-pending charge dated May 20, 2022 filed with Joint Council 25 by Plaintiff and three other members of the Executive Board against Ramon Williams.

**3.0** **Miscellaneous Terms and Conditions**

3.1 Plaintiff acknowledges and agrees that, by entering into this Agreement, Local 700 and its respective officers in no way admit any liability to Plaintiff by reason of any matter whatsoever. This Agreement is not, and shall not, be construed as an admission of any wrongdoing and/or liability by Local 700 and its respective officers.

3.2 This document contains the complete agreement between the Parties and supersedes all previous understandings, commitments, memoranda or representations between the Parties concerning the issues herein.

3.3 This Agreement may be modified only by a written document signed by the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the party against whom the waiver is to be enforced.

3.4 This Agreement shall be binding upon the Parties hereto, their predecessors, successors, parents, assigns, agents, and attorneys.

3.5 If any part of any provision of this Agreement shall be finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part shall

be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of said Agreement.

      3.6    If, in any action for breach of this Agreement, any material term is claimed to be omitted from this Agreement, the reviewing Court shall supply a reasonable term rather than voiding this Agreement.

      3.7    This Agreement is made and entered into in the State of Illinois and shall in all respects be interpreted, enforced and governed under the laws of Illinois.

      3.8    The undersigned represents and warrants that they are authorized to execute this Agreement and to bind themselves or the Party whom they represent thereto.

      3.9    The Parties each acknowledge that, in making this agreement, they are not relying upon any statement or representation of the other Party or any agents thereof. Each Party understands the entire contents of this Agreement and the legal consequences and intends to be bound by the same.

      3.10 This Agreement may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement. A facsimile-signed true and correct copy of this Agreement shall be binding and enforceable between the Parties to the same extent as an original, as shall a signed document sent via electronic mail, provided that such document shall be sent in PDF, read-only, format.

      **WHEREFORE,** by affixing their signature hereto, each Party acknowledges that they have carefully read and understand this Settlement Agreement and Release; that the terms and conditions set forth herein constitute the entire agreement and understanding between the Parties; that they agree to the terms and conditions set forth herein; that they executed this

Settlement Agreement and Release voluntarily; and that they acknowledge and intend to be fully and legally bound by it.

On Behalf Of:

**TEAMSTERS LOCAL 700**

By: *[signature]* Ramon Williams, President

Date: 6/15/2022

**ROBERT SANTANA**

By: *[signature]* Robert Santana

Date: 06-14-2022